## Case No. 14,031.

### In re TIFFT.

[18 N. B. R. 78.] [1]

District Court, E. D. New York. April 7, 1878.

BANKRUPTCY — ADJUDICATION — ATTACHMENT IN STATE COURT—INJUNCTION.

1. The debtor filed a voluntary petition in bankruptcy, but objected to being adjudged bankrupt thereon, and no adjudication has ever been made. At the time of filing such petition he also filed a petition for composition. The first meeting of creditors has been held, and the resolution of composition adopted and confirmed by the requisite number of creditors. Prior to the conclusion of such meeting, an opposing creditor commenced an action to recover a provable debt described in the debtor's statement, and levied an attachment upon his goods. On application for an injunction to restrain proceedings in such action, pending the proceedings in composition, *held*, that the debtor is in no position to appeal to the court for protection, so long as he objects to being a bankrupt and declines to surrender himself to the court.

2. Semble, that, if the second hearing had been had, and the resolution directed to be recorded, the case would be different.

[In the matter of Alanson H. Tifft, a bankrupt See Cases Nos. 14,030 and 14,036.]

Charles Harris Phelps, for creditor.
A. H. Aubrey, for bankrupt.

BENEDICT, District Judge. This proceeding comes before the court upon the application of a petitioner in bankruptcy for protection and for an injunction to restrain proceedings in an action at law that has been commenced against him. In February last the petitioner filed his voluntary petition, but, as it appears, made objection before the register to being adjudged bankrupt therein. Accordingly, the register made no adjudication, and neither the petitioner nor any creditor having made application to the court therefor, no adjudication has ever been made. At the same time with his petition in bankruptcy, the petitioner filed also a petition for composition. The proceeding for composition is instituted in good faith by the debtor, and seems to have the approval of a greater part of his creditors. It has, however, been strongly opposed by some creditors, and at the time of giving notice of the present application, the first meeting of creditors had not been concluded; when the application came on to be heard it was made to appear that the meeting of creditors had been closed, and the resolution of composition adopted by the

---

1 [Reprinted by permission.]

requisite number of creditors. The proceedings at the meeting and the propriety of the action of the creditors have been challenged by a single creditor, and doubtless will form the subject of future opposition to the recording of the resolution. This single creditor on the 11th inst., and prior to the passage of the resolution for composition, commenced an action at law against the petitioner to recover a provable debt described in the debtor's statement presented to the creditors at the composition meeting, and levied an attachment upon the goods of the petitioner. The petitioner thereupon made the present application to the court for an injunction to restrain the proceeding at law, pending the proceeding in composition.

On the part of the petitioner it is contended that in all cases where a composition proceeding is pending, the debtor is entitled to be protected by the bankrupt court, and reference is made to In re Hinsdale [Case No. 6,526], as authority for the position. On the part of the attaching creditor it is contended that the power to restrain actions at law against a voluntary bankrupt is conferred by section 5106, and that section 5106 has no application here, inasmuch as there having been no adjudication upon the petition in bankruptcy, the debtor is not a bankrupt, within the meaning of the section. I agree with the attaching creditor in his construction of section 5106. The debtor is not a bankrupt, within the meaning of that section. The section contemplated an adjudication and a consequent surrender of the bankrupt for the examination and disclosure in reference to his property before the protection of the court can be sought. It is with this understanding of the effect of section 5106 that general order No. 5 is framed. If the power exists to protect the petitioner, he not being as yet adjudged a bankrupt, it must be derived by implication from the provisions in respect to composition. In Re Hinsdale [supra], an involuntary case, where no adjudication had been made, it was said that the court had the undoubted right to protect the debtor from being harassed with suits, pending proceedings for composition, and in Alsberg's Case [Case No. 260], cited by Blum. Bankr. p. 36. But see In re Howes [Case No. 6,787], a voluntary case, where proceedings for composition had been commenced without an adjudication, it was said to be improper to make an adjudication in such a case unless upon the request of the debtor.

An expression of my views upon the questions decided in these two cases is not called for by the facts of this case. Neither of those cases furnishes authority for the position that protection from suits is a matter of right in a case like this. Here the petitioner has filed a petition asking to be adjudged a bankrupt, but at the same time so conducted his proceedings—whether properly or not, I do not say—that the result is that he has not been adjudged a bankrupt, and his property remains in his own possession and under his own control. His position is different from that in Hinsdale's Case, because there the debtor was denying any act of bankruptcy. If, according to the decision in Alsberg's Case, the petitioner was entitled to file his voluntary petition, and be adjudged a bankrupt or not, at his option; and if, according to the decision in Hinsdale's Case, he may be protected, although not adjudged a bankrupt, it does not follow that the petitioner is entitled to protection as a matter of right. In my opinion, this being a voluntary case, the petitioner is in no position to appeal to this court for protection until he is adjudged a bankrupt, and has surrendered himself for full examination and disclosure in reference to his property and affairs. I can hardly believe that it was the intention of the statute to make the adjudication dependent upon the option of the debtor who has filed his voluntary petition; but if such be the law, I see no reason why, when, as in this instance, the debtor has exercised his option adversely to an adjudication, the court can be expected to protect him. So long as he objects to being a bankrupt, and declines to surrender himself to the court, he has no ground upon which to seek the protection of the court. I have thus far considered this motion in the light of the facts as they stood when the suit at law was commenced. Since that time, as before stated, the meeting of creditors in the composition proceedings has come to a close, and the resolution of composition has been adopted and confirmed by the requisite number of creditors. But I do not see that this fact should affect the decision of this motion. If the second hearing had been had and the resolution directed to be recorded, the case would, perhaps, be varied; but it is entirely possible that a serious contest may arise before the resolution shall become effective. It may be months before the final termination of the composition proceedings, and the result of the contest cannot be foreseen. It is much in a debtor who, although he has committed an act of bankruptcy by filing a voluntary petition, has prevented an adjudication from being made, to ask the court to give him the protection afforded to a bankrupt during the future progress of such a contest with his creditors. Application denied.

[For subsequent proceedings in this litigation, see Cases Nos. 14,029, 14,032–14,035, and 11 Fed. 463.]